## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM BRADLEY JOYCE | ) | Case No. 07-50559 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| EDWIN H. FERGUSON, JR., TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 08-06037 |
| v. | ) | |
| | ) | |
| WILLIAM BRADLEY JOYCE | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM OPINION

This matter came before the Court upon the Motion for Summary Judgment filed pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure by Defendant William Bradley Joyce, the Debtor in the underlying bankruptcy case, on April 30, 2009.[1]  The Plaintiff, Edwin H. Ferguson, Jr. (the "Trustee"), has not filed a response to the Debtor's Motion. Pursuant to Local Bankruptcy Rule 7056-1(c), a response and brief in opposition to a motion for summary judgment may be filed within 20 days of the filing of the motion for summary judgment.  LBR 7056-1(g) provides that if a respondent fails to file a response within the time required by LBR 7056-1(c), the motion may be considered and decided as an uncontested motion.  After consideration of the Motion, the arguments of the parties, and the relevant law, the

---

[1]The Joint Scheduling Memorandum approved by the Court set April 30, 2009 as the deadline to file dispositive motions.

Court will grant the Motion.

## I. JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28

U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States

District Court for the Middle District of North Carolina on August 15, 1984.  This is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2)(J) which this Court has the jurisdiction

to hear and determine.

## II. BACKGROUND AND PROCEDURAL HISTORY

The facts are drawn from the pleadings in this case and are not in dispute.  On April 5,

2007, the Debtor filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code.  On

September 11, 2007, the Debtor converted his case to a case under Chapter 7 of the Bankruptcy

Code.  Edwin H. Ferguson, Jr. was appointed as the Chapter 7 trustee in the case.

On October 12, 2007, the Debtor attended the 341 Meeting of Creditors.  On October 16,

2007, the Trustee filed a report of no distribution, which was subsequently withdrawn on

November 16, 2007.  On December 3, 2007, the Trustee filed a Motion to Extend Time to Object

to Discharge, requesting an additional 60 days to perform due diligence and investigate the

matter.  On February 11, 2008, the Trustee filed a second Motion to Extend Time to Object to

Discharge to further investigate new information received and to conduct a Rule 2004

examination.  In response to the Trustee's second motion, Debtor's counsel sent the Trustee a

letter dated February 15, 2008, expressing the Debtor's concern over the Trustee's motions and

expressing his willingness to cooperate in any investigation.[2]  On March 3, 2008, the Court

granted the Trustee's second motion, extending the deadline to a file a complaint objecting to the

Debtor's discharge up to and including April 10, 2008.  The Trustee did not file an objection

within the requisite time period.  The Debtor received his discharge on April 17, 2008.

From the time that the case was converted to a case under Chapter 7 until the Debtor's

discharge was entered, the Trustee did not contact the Debtor.  On July 1, 2008, the Trustee filed

a complaint to revoke the Debtor's discharge pursuant to Section 727(d)(1) of the Bankruptcy

Code.  The Trustee's complaint alleges that the Debtor made false statements on his bankruptcy

schedules and on his Statement of Financial Affairs, and that he failed to list certain assets on his

schedule B.  The complaint does not allege that the Trustee learned of the Debtor's fraudulent

conduct after the granting of the Debtor's discharge.

### III.  STANDARD FOR SUMMARY JUDGMENT

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil

Procedure, which is made applicable to this adversary proceeding by Rule 7056 of the Federal

Rules of Bankruptcy Procedure.  Rule 56 provides that the moving party will prevail on a motion

for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions

---

[2]"While I am always understanding of a Trustee's fiduciary duty to fully investigate all cases, I am concerned as to the course taken in this case.  Mr. Joyce appeared at his § 341 Meeting on the date it was scheduled and since that time, we have not been contacted by nor received any correspondence from your office except the motions to extend time to object to discharge.  Mr. Joyce strongly believes he has nothing to hide and is fully willing to cooperate concerning any questions you may have.  He does, however, have a right to have his case closed out in a reasonable time so that he may move on with his life.  Within 120 days, I would have expected to have been contacted regarding any concerns and that a request for a 2004 hearing would have been made.  I am requesting that you contact me at your earliest convenience to discuss your motion and plans to expedite resolution of this case."  Letter from Debtor's Attorney to Trustee, Feb. 15, 2008.

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970).  In considering a motion for summary judgment, a court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).  The moving party has the burden of establishing that there is an absence of any genuine issue of material fact, and all reasonable inferences must be drawn in favor of the nonmoving party.  Celotex, 477 U.S. at 323.

## IV.  ANALYSIS

Pursuant to Section 727(d)(1):

> On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if-
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

11 U.S.C. § 727(d)(1).

The plaintiff in a Section 727(d)(1) revocation action, in this case the Trustee, bears the burden of proving that he did not know of such fraud until after the granting of the discharge. Lightfoot v. Landry (In re Landry), 350 B.R. 51, 56 (Bankr. E.D. La. 2006); Anderson v. Vereen (In re Vereen), 219 B.R. 691, 694 (Bankr. D.S.C. 1997); Roberson v. Roberson (In re Roberson), 187 B.R. 159, 166 (Bankr. E.D. Va. 1995).  The elements of an objection to discharge under Section 727 must be proved by a preponderance of the evidence.  Landry, 350 B.R. at 56.  Moreover, Section 727(d)(1) is to be construed strictly against any objector and liberally in favor

4

of the debtor.  Landry, 350 B.R. at 56; Vereen, 219 B.R. at 694; Canfield v. Lyons (In re Lyons),

23 B.R. 123, 125 (Bankr. E.D. Va. 1982).

     A majority of courts that have interpreted the term "did not know" in Section 727(d)(1)

have held that knowledge occurs when the party seeking revocation knows facts such that he or

she is put on notice of a possible fraud.  Mid-Tech Consulting, Inc. v. Swendra, 938 F.2d 885,

888 (8th Cir. 1991); Bowman v. Belt Valley Bank (In re Bowman), 173 B.R. 922, 925 (B.A.P.

9th Cir. 1994); Keefe v. Natalie, 337 B.R. 11, 14 (N.D.N.Y. 2006); Landry, 350 B.R. at 56-57;

Vereen, 219 B.R. at 696; State Bank of Indiana v. Kaliana (In re Kaliana), 202 B.R. 600, 604

(Bankr. N.D. Ill. 1996); Wood v. Cochard (In re Cochard), 177 B.R. 639, 643 (Bankr. E.D. Mo.

1995).  Once that party is put on notice, he or she has a duty to diligently investigate any possible

fraudulent conduct and timely file a complaint before discharge.  Swendra, 938 F.2d at 888;

Landry, 350 B.R. at 57; Vereen, 219 B.R. at 696.  This Court agrees with the majority position

and will follow it.

     The Trustee did not act with reasonable diligence in carrying out his investigation.  He

was put on notice of discrepancies in the Debtor's schedules as early as the meeting of creditors

on October 12, 2007, when he learned that the Debtor's Statement of Financial Affairs

incorrectly listed the ending date of the Debtor's business, Professional Industrial Coatings.

With such information in hand, the Trustee made two applications for enlargement of the time in

which to file an objection to the Debtor's discharge, yet he never filed an objection.  Despite the

Debtor's willingness to assist the Trustee in his investigation, the Trustee made no effort to

contact the Debtor in the six months between the meeting of creditors and the entry of the

Debtor's discharge.  Therefore, the Trustee failed to carry his burden to demonstrate that he did

not know of the Debtor's alleged fraud until after the discharge was granted.

### IV.  CONCLUSION

Because the Court finds that no genuine issue exists as to whether the Trustee has met the requirement of Section 727(d)(1) that he did not know of the Debtor's alleged fraud until after the discharge was granted, and because the Trustee failed to respond to the Debtor's Motion for Summary Judgment in a timely manner, the Motion for Summary Judgment will be GRANTED and this adversary proceeding will be DISMISSED.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM BRADLEY JOYCE | ) | Case No. 07-50559 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| EDWIN H. FERGUSON, JR., TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 08-06037 |
| v. | ) | |
| | ) | |
| WILLIAM BRADLEY JOYCE | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |


**PARTIES IN INTEREST**

William Bradley Joyce

Edwin H. Ferguson, Jr., Trustee

Dirk W. Siegmund, Esq.